Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

__US__ District of __Montana__

__Helena__ Division

Wanbli Hanska Sungmanitu Mni Inilaya
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Jim Salmonson - Warden

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. _____
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _____
All other names by which you have been known: _____
ID Number _____
Current Institution _____
Address _____

    City    State    Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1   SEE ATTATCHED
 Name: Cease
 Job or Title (if known): Sargent
 Shield Number:
 Employer: Montana State Prison
 Address: 700 Conley Road
  Deer Lodge, MT 59722

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2
 Name: N. Sharkey
 Job or Title (if known): Lieutenant
 Shield Number:
 Employer: M.S.P.
 Address: 700 Conley Road
  Deer Lodge, MT 59722

[ ] Individual capacity   [ ] Official capacity

Page 2 of 11

Defendant No. 3
Name: Stroop
Job or Title (if known): Sargent
Shield Number:
Employer: MSP
Address: 700 Conley Lake Road
Deer Lodge, MT 59722
City / State / Zip Code

[ ] Individual capacity   [ ] Official capacity

Defendant No. 4
Name: Kyle Arnason
Job or Title (if known): Sargent
Shield Number:
Employer: MSP
Address: 700 Conley Lake Road
Deer Lodge, MT 59722
City / State / Zip Code

[ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
8th amendment (Cruel and unusual Punishment clause) Deliberate Indifference
14th Amendment (Failure to Protect)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. At the time of the incident all defendants were employed by the Montana State Prison wearing standard MSP uniforms and were acting on behalf of the State under the authority of state law and only made possible by the virtue of state law.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

High Side Unit 2 in Lower C1 Cell, Montana State Prison.
    SEE ATTACHED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

On or about Aug between 7:00 and 8:00 Pm

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* As I walked into my cell I was assaulted by the other inmates of that unit. Before the assault I told Sargent Cease at Chow (Lunch) that if he moved me to LC I would be hurt. If I refuse I would be put in the hole. I was in the unit about 1 month before and was assaulted so bad I needed sergury.

SEE ATTATCHED

V.  **Injuries**

MEDICAL RECORDS EXZIBIT. For Review

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. There are cuts under my left eye and over my right eye that had to be stiched up. Wounds to my lips believed to be made by a weapon. Fractures about the face, nose and eye secket. Contusions to the head and jaw. Eye drops and pain medication. In need of multiple surgeries. First sergury is from the first assault. If another sergery it will because the staff has placed me in the same unit to be assaulted again by inmates of the same unit. (mental Anguish)

VI.  **Relief**

Must Have Photo For Review

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTATCHED

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[✓] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Montana State Prison

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[✓] Yes

[ ] No

[ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[✓] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)?

To investigate Sargent Cease. To keep me safe. To file 42 U.S.C. § 1983

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   The first step is to file an informal. And it was granted. Exahsting my Admin. Remedies

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   At chow time I went to the chow hall and I did inform Sargent Cease that if he moved me to Lower C, I would be harmed by the other inmates. He said he talked to them and they won't do anything. And if I refuse to move I'll go to the hole for refusing housing.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?
   ☐ Yes
   ☐ No
   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-18-2024

Signature of Plaintiff: Wanbli Hanska Sungmanitu Mni Inilaya
Printed Name of Plaintiff: Wanbli Hanska Sungmanitu Mni Inilaya
Prison Identification #: 3032471
Prison Address: 700 Conley Lake Road
Deer Lodge, MT 59722
City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City / State / Zip Code
Telephone Number: _____
E-mail Address: _____

A. <u>The Defendants</u>

1. Jim Salmonson - Warden
2. N. Sharkey - Lieutenant
3. Stroop - Sargent
4. Kyle Arnason - Sargent
5. Kelly - Case Manager
6. C. Klanecky - Classification

? John Doe's - Classification Review Committee
? Jane Doe's  C.R.C.

B. The above defendants work at Montana State Prison. Address: 700 Conley Lake Road, Deer Lodge, MT 59722.

C. The complaint I'm bringing against them is in there individual capacity and official capacity

1

## How each Defendant was Personally Involved

1. After talking with sargent Cease in the infirmary about the assault. I realized that the "Unit Management Team" knew before I came out of R.H.U. that inmates of lower C, had plans to harm me.

2. That is now clear when Sargent Stroop placed a 72 hour hold on me for "Safety Concerns". Once my 15 days of Seg time was up.

3. That is also clear as to why Lt. Sharkey and Sargent Cease attampted to Adseq me the first time on or about July 10, 2024.

4. The above are part of the U.M.T. for High Side Unit 2.

5. None of them informed me of the danger I was in or let me know why the hold was put on me or the full reason to Adseq me the first time.

6. When I retruned back to the unit the U.M.T. didn't inform me why the inmates in LC were acting like they were mad at me.

7. Once I made it clear to Sargent Cease that those inmates in LC wanted to harm or kill me. 1. He failed to take me seriously. 2. He failed to protect me.

8. As I said to Sargent Cease in the infirmary "I think you sent me there to get hurt". All seems to be so, once I recieved the first and second reclass papers to Adseq me.

9. C. Klanecky is part of the Classification Review Committee. I don't know how many members there are all together.

10. Had the C.R.C Adseg me the first time, I would not have been assaulted. Only after the second time did they approve me. But it was to late. I got assaulted.

11. When I sent a request to the C.R.C. asking how come I was denied Ad seg by them the first time? I recieved a responce back that I was approved for Adseg.

SEE ATTATCHED

(2)

B

# STAMENT OF CLAIM
## STAMENT OF FACTS

1. On July 16, 2024 I had sergury on my leht eye to relieve the pressore after my cellie, James Parker, thrust his fingers deep into my eye socket.

2. For the fight that me and my cellie had, I was given 15 days in R.H.U. Segragation. From June 15 to July 30. However at the end of those 15 days, I was given a 72 hour hold for safety concerns, by Sargent Stroop.

3. In fact for reasons I was never told, I was still in R.H.U. an extra 10 days, before anyone from High Side Unit 2 saw me.

4. On July 10, Sargent Cease and Lt. Sharkey came to R.H.U.

5. They came down, I was let out of my cell to meet with them in the R.H.U. visiting room.

6. The reason they came to RHU to see me is to have me sign a reclass.

7. The reclass they had me sign is to Adseg me.

8. They told me that my points are Adseg points.

9. One can be Adseg with 18 points, I have 23.

10. The next day or so the officer came to my cell and told me I was going back to HSU 2.

11. I was housed in upper C-12 cell.

12. On Aug 5th a unit officer told me I will be moving down to lower C-1 cell. I attempted to tell the officer that if I move to lower C I would be harmed.

13. The c/o said the Sargent is in the chow hall, to talk to him if I had a problem with the move.

14. At the chow hall I talked with Sargent Cease and said to him if you have me moved to lower C I will be harmed or killed by those inmates because they think I raped my last cellie, James Parker.

1

15. He said "No they won't, that he talked to them and told them I didn't do anything to James Parker.

16. He said if I didn't move I will go to the hole for refusing housing.

17. After chow I went back and packed my things and moved down to lower C 1 cell.

18. On or about 6:45 or 7:00 PM I walked back into the cell and was assaulted by the other inmates.

19. All I know is I was standing in the cell with my head all lumped up and swollen. I had cuts under my left eye and over my right that wouldn't stop bleeding.

20. Another inmate put stitches in my cuts. I was made to stay there as he did it.

21. My cellie told me during that time, that if I try to get help from the C/O, that he would kill me. After what happend I believed him. He is also doing time for murder.

22. My lips were split wide open. I believe I was hit in the mouth with a shank.

23. Later in the E.R. I was placed in the M.R.I. It was found out that during the assault on me the inmates had fractured my left eye socket, nose and face.

24. An appointment has been made for me to have reconstructed sergury once the swollen went down.

25. I has been over a month and I still have discolor under my eyes and the scar under my left eye isn't going away.

26. The same eye I had sergury on is the same eye that has been fractured 6 weeks ago.

27. My jaw hurts when I have to eat or yawn.

28. My eye still hurts. My vision has been affected. Every day I have to use eye drops.

(2)

29. Due to the graveness of the affecte the assault has on me and my mental health and mental state I must see the mental health team here at M.S.P.

30. The mental health provider has placed me on medication because of the affect the assault has had on me.

31. Lately I've been having nightmares of the assault.

32. Other things for stress have been given to me by mental health.

33. At the time I have some memory loss, but the fear and truma are ever present.

34. The first time after the fight with my cellie, James Parker, the Unit Management Team tried to have me put in Adseg.

35. The Classification Review Committee denied it.

36. After I was assaulted. The U.M.T. made another attempt to have me put in Adseg.

37. This time the C.R.C approved it. That was on or about Aug 15. It was for the same reasons as before with only one change, "To Adseg me as a level 5.

(3)

## Relief

A. The Following Are Amounts In Compensatory Damages.

1. Scare of face because of assault - $25,000
2. Scar on lip         "    "    "    - 25,000
3. Pain and Suffering - $100,000
4. Reinjury to eye that had sergury - $150,000
5. Vision affected - $25,000
6. Mental anguish - $50,000
7. Fracture eye - $25,000
8. Fracture nose - 25,000

B.

1. After talking to the perscriber, he told me the fracture to my left eye will never fully heal. Never be the same.
2. My jaw is still in pain over a month later. Hurts when I eat or yawn.
3. My lips hurt eatting from the spork.
4. Still can't sleep a full night due to the nightmares of the assault.
5. P.T.SD after the assault ever present.
6. Also punitive damages equel to the cost of my medical bills on Sargent Cease. As well as any legal fees.