IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAMBLI HANSKA SUNGMANITU MNI INILAYA,<br><br>Plaintiff,<br><br>v.<br><br>SGT. CEASE, N. SHARKEY, and SGT. STROOP,<br><br>Defendants. | Cause No. CV 24-0066-H-DWM<br><br>ORDER |

There are several motions pending before the Court, including a motion to dismiss by Defendants and a motion for summary judgment by Plaintiff Wambli Hanska Sungmanitu Mni Inilaya. The motion to dismiss is granted, in part, and denied, in part. (Doc. 67.) The motion for summary judgment is denied, as are the various related procedural motions. (Docs. 60, 63, 71, 73, and 74.)

## I.   BACKGROUND

Plaintiff filed his original Complaint on September 24, 2024, naming several defendants, including Sgt. Cease, N. Sharkey, and Sgt. Stroop. (Doc. 2.) Briefly put, Plaintiff's allegations are that, on August 6, 2024, Plaintiff was assaulted in his cell at Montana State Prison. He suffered several facial and head injuries, including a fractured eye socket. (Doc. 2 at 5.) Plaintiff's Complaint alleges that he had had

1

conversations with various M.S.P. staff about his concerns about his safety that were disregarded, culminating in the assault. He alleges Defendants failed to protect him, in violation of his constitutional rights.

After the Complaint was served, all defendants except the three on the caption above were dismissed, pursuant to a motion to dismiss. (Doc. 19.) Plaintiff then, somewhat confusingly, filed two Amended Complaints in rapid succession. (Docs. 25 and 28.) Defendants moved to dismiss the second of these Amended Complaints, but eventually withdrew the motion. (Docs. 31 and 43.) Plaintiff then moved to amend his complaint again and filed a 48-page Third Amended Complaint on March 17, 2026. (Doc. 59.) This is the complaint Defendants move to dismiss, though, confusingly, they refer to it as Plaintiff's Second Amended Complaint.

## II.    DEFENDANTS' MOTION TO DISMISS

Defendants have moved to dismiss Defendants' Third Amended Complaint. (Doc. 67.) Defendants raise three points. First, they seek clarification of "the full parameters" of Plaintiff's lawsuit, because his claims have changed throughout his amendments. (Doc. 68 at 2.) Second, all Defendants, who are sued in their individual capacities, assert they are immune from suit on Plaintiff's state law claims. (Doc. 68 at 3 – 4.) Under Mont. Code Ann. § 2-9-305, employees whose acts occur within the scope and course of their employment are immune from suit.

2

Third, Defendants assert that Plaintiff fails to state § 1983 claims against Defendants Smathers, Baltezar, Christensen, Franks, Jovanovich, and McNeil, because, in short, he alleges the same boilerplate language against each of them. (Doc. 68 at 5 - 6.) Thus, Plaintiff fails to allege sufficient individual culpability. Finally, Plaintiff fails to allege facts that show Defendants Sharkey, Guillory, Stroop and Cease and sufficient individual knowledge of harm to Plaintiff to exhibit deliberate indifference. (Doc. 68 at 7.)

In response, Plaintiff disputes, first, that "staff that is employed by an agency can do what they want and get away with it[.]" (Doc. 75 at 1.) He then asserts that he has learned, through discovery, that Defendants did not comply with Montana State Prison policy. Plaintiff alleges that if policy had been followed, he would not have been harmed. (Doc. 75 at 2.) Plaintiff does not, however, identify specific acts of the Defendants to show how they failed to follow policy, or whether they knew of any danger to Plaintiff before he was attacked. The only defendants Plaintiff mentions by name in his response are Cease and Stroop.

A. Standard

In considering a motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, *Hospital Bldg. Co. v. Rex Hospital Trustees,* 425 U.S. 738, 740, (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the pleader's favor. *Jenkins v.*

*McKeithen,* 395 U.S. 411, 421, *reh'g denied,* 396 U.S. 869 (1969). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and footnotes omitted).

B. State Law Immunity

Mont. Code Ann. § 2-9-305(5) provides:

> In an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment....

Mont. Code Ann. § 2-9-305(5). For immunity to attach under § 2-9-305(5), the plaintiff must (1) name a governmental entity as a defendant, and (2) the governmental entity must acknowledge or be bound by a judicial determination

that the employee's conduct upon which the claim was brought arose out of the course and scope of his employment. *Id.*

A governmental employee remains independently liable under § 2-9-305(5) only if "the claim constitutes an exclusion provided in subsections (6)(b) through (6)(d)." *Id.* A court must determine whether one of the following exceptions applies: (1) the employee's conduct "constitutes a criminal offense;" (2) "the employee compromised or settled the claim without the consent of the government entity employer;" or (3) "the employee failed or refused to cooperate reasonably in the defense of the case." Mont. Code Ann. § 2-9-305(6)(b)–(d). Subsection (6)(a) of Montana Code Annotated § 2-9-305 even provides recovery for conduct that would constitute "oppression, fraud, or malice," where a governmental entity acknowledges that an employee acted within the course and scope of her employment. *Gregory v. Montana*, No. CV-20-51-GF-BMM, 2026 WL 194697, at *2 (D. Mont. Jan. 26, 2026).

The Montana Supreme Court has determined that the proper procedure upon a governmental entity's express acknowledgement that an employee's conduct arose from the course and scope of employment is to dismiss the individual employee as a party to the suit. The dismissal functionally causes a plaintiff's claims against the employee to proceed solely against the governmental entity. *Gardiner-Park Cnty. Water & Sewer Dist. v. Knight*, 2024 MT 121, ¶¶ 24 – 26.

Here, Plaintiff has not named a governmental entity defendant. If he were to do so, he would not be able to state a federal claim against that defendant on Eleventh Amendment immunity grounds. Defendants may be correct that they ought to be immune on Plaintiff's state law claims, but at this point, the complicated amended complaint situation, discussed more below, makes it unclear whether Plaintiff states any state law claims at all. His clearest statement of the basis of his jurisdiction is found in his Second Amended Complaint, signed on May 27, 2025, in which he cites the Eighth and Fourteenth Amendments as the basis of his claims. (Doc. 28 at 3.) Plaintiff's Third Amended Complaint does use the word "Negligence" in several of his claims, but the facts alleged under the label do not appear to state a state law claim for negligence. At this point, dismissal on the basis of state law immunity would be premature. The motion is denied, subject to renewal should a governmental entity be named or state law claims be clearly stated in any amended complaint.

C. Failure to state a § 1983 claim against Defendants Smathers, Baltezar, Christensen, Franks, Jovanovich, and McNeil

Defendants assert that Plaintiff has failed to state a § 1983 failure to protect claim against Defendants Smathers, Baltezar, Christensen, Franks, Jovanovich, and McNeil, because he uses identical boilerplate language as to each of them. (Doc.

68 at 5.) None of Plaintiff's allegations shows that any of these defendants was aware of an excessive risk to Plaintiff's safety and disregarded that risk.

In response, Plaintiff submitted various documents that show, he believes, that Defendants were aware of the likelihood he would be assaulted. (Doc. 75-1.) On a motion to dismiss, however, Defendants are challenging the sufficiency of Plaintiff's allegations. Plaintiff's evidence cannot be considered unless the motion is converted to a motion for summary judgment. Fed. R. Civ. P. 12(d).

The allegations against these defendants do not show any individualized knowledge that could support a claim for failure to protect. Plaintiff's alleges that each, in identical terms, "had the knowledge that the Plaintiff is to be recommended for Administrative Segregation…" *See, e.g.,* Doc. 59 at 6. This allegation does not show when or how an individual defendant would have known of the need to protect Plaintiff, nor are there allegations to show that any decision to place him wherever he was placed was in deliberate indifference to that knowledge. Plaintiff fails to state a claim against Smathers, Baltezar, Christensen, Franks, Jovanovich, and McNeil.

### D. Failure to state a § 1983 claim against Defendants Sharkey, Guillory, Stroop, Cease

The same analysis applies to Defendants Sharkey and Guillory, but not as to Stroop, and Cease. Plaintiff's allegations in his Third Amended Complaint, when

compared to his prior complaints, fail to include sufficient information to state a plausible claim against these defendants. Instead, his allegations are conclusory and boiler plate. Plaintiff fails to state a § 1983 claim against these defendants.

However, Plaintiff does allege specific knowledge as to Stroop and Cease. The § 1983 claims against them are not dismissed.

E. Clarity of Claims

Defendants seek clarity on Plaintiff's claims. Unlike Plaintiff's previous amended complaints, Plaintiff's Third Amended Complaint is not filed on the Court's form, even though one was provided to him. (Doc. 54.) The Third Amended Complaint also does not include a caption, as required by Fed. R. Civ. P. 10(a): "CAPTION; NAMES OF PARTIES. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation[, i.e. Complaint"]. The title of the complaint must name all the parties...". Combing through it, however, reveals (at least) the following Defendants: John Does, Sara Smathers, Assistant Warden S. McNeil, Captain Franks, Leuitenant Christensen, Captain Jovanovich, Lt. Sharkey, Sgt. Gillory, Sgt. Stroup, Sgt. Cease, Sgt. Arneson, and Lt. Baltezar. At the end of this document, there is a "Notice to Clerk of Court" that says that Plaintiff attempted to mail this document earlier, but it was returned for lack of payment. (Doc. 59 at 48.) The notice further states that "This was all sent with the Amended Complaint. These are Defendants and Doe

Defendants." (Doc. 59 at 48.) Plaintiff may have intended for this document to be combined with his most recent previous complaint, but that is not how complaints work, and given how many Complaints Plaintiff has filed, which document this should have been part of is unknowable.

As a result, Defendants' motion to dismiss is granted in part, and denied, in part. It is denied to the extent it would dismiss state law claims on the basis of immunity. It is granted, however, on the failure to state § 1983 claims against the various defendants listed above, and to the extent that Plaintiff's Third Amended Complaint, as a whole, fails to comply with Fed. R. Civ. P. 8 and 10. Accordingly, Plaintiff's Second Amended Complaint will be the operative pleading going forward against Defendants Cease, Stroop, and Sharkey. (Doc. 28.)

## III.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed a motion for summary judgment on April 6, 2026. (Doc. 63.) Defendants have not yet responded, because they asked for an extension of time to respond after their motion to dismiss was ruled upon. (Doc. 70.) However, Plaintiff's motion does not, in fact, include a motion. Instead, he filed a list of enumerated "undisputed facts" that, he concludes, "became an unwritten way to Adseg Plaintiff and then find a reason…to send Plaintiff back" to his home state. (Doc. 63.) This document is supported by 63 pages of exhibits. (Doc. 63-1.)

Plaintiff then filed a supplement that adds some legal citations and other material related to his motion. (Doc. 64.)

Pro se filings are to be liberally construed. However, Plaintiff's filings here fail to comply with L.R. 56.1 to such an extent that Defendants will find it impossible to respond. The District of Montana's Local Rule requires any party filing a motion for summary judgment to simultaneously file a Statement of Undisputed Facts, which must:

> "(1) set forth in serial form each fact on which the party relies to support the motion;
>
> (2) pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission, or affidavit before the court to support each fact;
>
> (3) be filed separately from the motion and brief[.]"

L.R. 56.1. Plaintiff has combined his Statement of Undisputed Fact and his brief, if it can be characterized as that. Plaintiff does not cite any Ninth Circuit case law to explain the legal framework applicable to his facts. (Doc. 64.) He also did not pinpoint cite, as required by the rule, any of his evidence in his Statement; it is impossible to determine which facts may be supported by evidence. L.R. 56.1(d) directs that " failure to file a Statement of Undisputed Facts will be deemed an admission that material facts are in dispute." While Plaintiff appears to have attempted to comply with the Local

Rule, he has not succeeded. The motion is denied, subject to renewal at an appropriate time with compliance with the Local Rule. As a result, so too, are Plaintiff's motion to grant summary judgment and Defendants' motion for an extension of time to respond denied. (Docs. 71 and 73.)

Accordingly, it is HEREBY ORDERED:

1. Defendants' motion to dismiss is GRANTED, in part, and DENIED, in part, as described above. (Doc. 67.)

2. Plaintiff's motion for summary judgment is DENIED, subject to renewal.

3. All other motions are DENIED as moot. (Docs. 60,71, 73, and 74.)

4. Plaintiff must at all times update the Court and opposing counsel of any change of address. Failure to do so may result in dismissal without notice to him.

DATED this _____ day of June, 2026.

_____
Donald W. Molloy, District Judge
United States District Court

11